Will GRIMES, Billy Carl Thurman, Ella Vickery Davis, Harolyn Nelson, Patricia Chappell, Linda Bethea, Raymond A. Mingo, Franklin Stone, Jackqueline A. Moore, Faterrell Showers, and Beverly Minter

v.

PITNEY BOWES, INCORPORATED.

Civ. A. No. C79–779A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 19, 1979.

Mary Welcome, of Garland, Nuckolls, Kadish & Cook, S. Ralph Martin, Jr., Atlanta, Ga., for plaintiffs.

Ronald M. Green, New York City, Richard G. Vernon, of Epstein, Becker, Borsody & Green, Washington, D. C., for defendant.

## ORDER

NEWELL EDENFIELD, District Judge.

This employment discrimination case is currently before the court on defendant's motion to dismiss, or, alternatively, for summary judgment. It has been brought as a class action by the named plaintiffs on behalf of themselves and "all others similarly situated," alleging violation of 42 U.S.C. §§ 1981, 1985 and 2000e, *et seq.* The complaint does not further describe or identify the proposed class. No class has yet been certified.

Plaintiff Will Grimes is the sole named plaintiff who has allegedly filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). He filed his charge with that agency on January 18, 1979. On January 30, 1979, his attorney in a letter to the EEOC requested a Notice of Right to Sue, asserting that "[a] delay in the filing of [this] action for the purpose of conciliation would be fruitless at this time and therefore, we respectfully request the right to sue so that a judicial consideration of our cause might commence." [1] On February 6, 1979, the EEOC issued the Notice of Right to Sue pursuant to 29 CFR § 1601.28(a)(2). It was signed by T. McPherson, Jr., Acting District Director, and stated that the commission would be unable to complete its administrative process within 180 days from the filing of the charge and that the commission was terminating any further processing of the charge. This lawsuit followed on May 7, 1979.

## I. *ADMINISTRATIVE EXHAUSTION*

 Defendant first moves to dismiss plaintiffs' Title VII claims on the ground that plaintiff Grimes—the only plaintiff who filed a charge with the EEOC—failed to wait 180 days after that filing before bringing this action.[2]

 The EEOC's jurisdiction over charges and the private right of action under Title VII are governed by section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1), which provides in relevant part:

> [I]f within one hundred eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section or . . . entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against respondent . . .

Defendant contends that the expiration of at least 180 days before issuance of a right-to-sue notice by the commission is a statutory prerequisite to a private action, and moves the court to dismiss the complaint for lack of jurisdiction over the subject matter, Rule 12(b), Fed.R.Civ.P.

The question that is presented by this motion has been addressed by a number of courts with a resulting division of authority. Some courts have held that the 180-day period in section 706(f)(1) merely *permits* the EEOC to retain jurisdiction over a charge for that time. Contrary to this, other courts have viewed it as requiring a 180-day period of exclusive jurisdiction in the commission for the purpose of investigation and conciliation prior to an individual turning to the courts.

1. The letter makes no reference to any attempt by plaintiffs or their attorneys to conciliate the matter and thus it is unclear whether counsel was speaking from experience or merely making an untested assertion.

2. In considering this motion the court has been mindful of the two competing policies of overriding significance in this area of the law. One is the remedial nature of Title VII compelling liberal construction in favor of alleged victims of discrimination. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970); *Davis v. Valley Distributing Co.*, 522 F.2d 827 (9th Cir. 1975). Equally important, however, is the status Congress and the courts have afforded the EEOC as the favored forum for resolution of unlawful employment practice claims. *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1976); *Bernard v. Gulf Oil Co.*, 596 F.2d 1249 (5th Cir. 1979); *Fowler v. Blue Bell, Inc.*, 596 F.2d 1276 (5th Cir. 1979).

The legislative history of the original statute as well as the 1972 amendments reflects Congress' belief that the commission can effect a resolution superior to that of private litigation in most cases. *See, e. g.,* H.R.Rep. No. 238, 92d Cong. (1971), reprinted in [1972] U.S.Code Cong. & Admin. News, pp. 2137, 2146–48; S.Rep. No. 415, 92d Cong. (1971); *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Congress set forth this view favoring administrative action over litigation while at the same time expressly recognizing the mounting caseload and delay within the administrative agencies. [1972] U.S.Code Cong. & Admin.News, *supra,* at 2147. Indeed, the 1972 amendments to Title VII extended the "period of Commission action" from a maximum of 60 days to 180 days, presumably in light of that increased caseload and with the aim of allowing the commission more time to carry out its mandate of investigation and conciliation. In the legislative history, Congress noted:

> Administrative tribunals are better equipped to handle the complicated issues involved in employment discrimination cases [than the District Courts]. . . . The sorting out of the complexities surrounding employment discrimination can give rise to enormous expenditures of judicial resources in already heavily overburdened Federal district courts. . . Administrative tribunals are better suited to rapid resolution of such complex issues than are Courts. Efficiency and predictability will be enhanced if the necessarily detailed case by case findings of fact and fashioning of remedy is performed by experts in the subject matter. Moreover, administrative tribunals are less subject to technical rules governing such matters as pleading and motion practice—which afford opportunities for dilatory tactics—and are less constrained by formal rules of evidence—which give rise to a lengthier (and more costly) process of proof. . . . Further, congested court calendars necessitate inordinate delays in bringing cases to trial. . . .

[1972] U.S.Code Cong. & Admin.News, at 2146. This congressional view was set forth in justification of the 1972 addition to Title VII of cease-and-desist order power in the EEOC. That very strengthening of administrative agency power is persuasive that Congress intended the commission to be the primary and preferred forum for resolution of employment discrimination claims.

As the Supreme Court explained in *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147:

> Congress enacted Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* to assure equality of employment opportunities by eliminating those practices and devices that discriminate on the basis of race, color, religion, sex or national origin. . . . Cooperation and voluntary compliance were selected as the preferred means for achieving this goal. To this end Congress created the Equal Employment Opportunity Commission and established a procedure whereby existing state and local employment opportunity agencies, as well as the Commission, would have an opportunity to settle disputes through conference, conciliation and persuasion before the aggrieved party was permitted to file a lawsuit.

[Citations omitted.] The Court, albeit in dicta, has at least twice described the Title VII action as arising only after the 180-day period. *Johnson v. Railway Express Agency,* 421 U.S. 454, 458, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Gladstone v. Village of Bellwood,* 441 U.S. 91, at 104, n. 12, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979). In *Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 97 S.Ct. 2447 (1977), the Court construed the 180-day provision as a limitation only upon the private Title VII action and characterized the period as mandatory in that respect: "The 180-day limitation provides only that this private right of action does not arise until 180 days after a charge has been filed." 432 U.S. at 361, 97 S.Ct. at 2452.

Lower courts have been divided over whether the 180-day period is a mandatory or discretionary period of exclusive EEOC

jurisdiction. Some have held it to be strictly mandatory, regardless of agency efforts at conciliation during the period. *E. g., Troy v. Shell Oil Co.,* 378 F.Supp. 1042 (E.D.Mich.1974), *appeal dismissed,* 519 F.2d 403 (6th Cir. 1975); *Hiduchenko v. Minneapolis Medical Center,* 467 F.Supp. 103 (D.Minn.1979); *Budreck v. Crocker National Bank,* 407 F.Supp. 635 (N.D.Cal.1976); *Scott v. Board of Education,* 18 FEP Cas. 1230 (D.Md.1977); *Jones v. Pacific Intermountain Express,* 10 FEP Cas. 914 (N.D. Cal.1975).

In *Loney v. Carr-Lowrey Glass Co.,* 458 F.Supp. 1080 (D.Md.1978), the court expressly struck down the commission's regulation authorizing private suit within the 180-day waiting period, 29 CFR § 1601.-28(a)(2). *See also McGee v. Purolator Courier Corp.,* 430 F.Supp. 1285 (N.D.Ala.1977).

Other cases, however, approve the commission's practice on the theory that the waiting period becomes futile after termination of agency efforts. *See* B. Schlei & P. Grossman, *Employment Discrimination Law,* at 916 (BNA 1976), *and authorities cited therein.* Still other cases have recognized the 180-day period as theoretically binding but have denied motions to dismiss as moot where the period has expired by the date of the court's hearing or ruling. *E. g., Featherstone v. Liberty Cash Grocers,* 82 F.R.D. 484 (W.D.Tenn.1979); *Eldredge v. Carpenters 46,* 440 F.Supp. 506 (N.D.Cal. 1977). This approach assumes that if the premature suit were dismissed, the commission could immediately issue a second right-to-sue based upon the same charge. The validity of such a procedure does not appear to have been decisively litigated. In addition, in *Weise v. Syracuse University,* 522 F.2d 397 (2d Cir. 1975), the Second Circuit approved a premature civil action on the ground that 180 days had elapsed from the filing of a prior charge against the defendant employer. Two of the principal texts on Title VII are also divided on the effect of the § 706(f)(1) waiting period. *Compare* B. Schlei & P. Grossman, *supra, with* Play-

er, *Federal Law of Employment Discrimination* § 5–8.01, at 212–13 (West 1976).

The Sixth Circuit has twice affirmed dismissal of a private Title VII action based upon premature agency letters, but has also recognized the commission's practical ability to moot the statutory question presented by issuance of a timely, second right-to-sue notice. *Jerome v. Viviano Food Co.,* 489 F.2d 965 (6th Cir. 1974); *Troy v. Shell Oil Co., supra.*

■ The authorities reviewed lead the court to the conclusion that it lacks jurisdiction over the plaintiffs' Title VII claim.[3] No extraordinary circumstances have been shown in the present case that would justify an exception based on policy grounds to the obvious congressional mandate of a 180-day period of exclusive EEOC jurisdiction. As noted by defendants in their memorandum to this court, the commission has simply provided plaintiffs in this case with a swinging door that shifts the primary jurisdiction over employment discrimination charges from the EEOC to the courts. Mindful as this court is of the caseload with which the agency is faced, the doctrine of separation of powers requires the courts to interpret the law as it is written, rather than as some would wish it had been. The remedy of those dissatisfied with the law as written lies in Congress and not in the courts. Moreover, since the commission stated in the Notice of Right to Sue issued to plaintiff Grimes that it was terminating any further processing of the charge, the court views the running of the 180-day period to have tolled as of February 6, 1979. Since the charge was filed on January 18, 1979 the EEOC retained jurisdiction over the charge for only 19 days. Accordingly, plaintiffs will not have exhausted their administrative remedies until 161 days have elapsed from the time the EEOC reopens investigation of plaintiff Grimes' charge. In light of the foregoing, defendant's motion to dismiss is GRANTED with respect to plaintiffs' Title VII claims, without prejudice to their refiling after administrative remedies have been exhausted.

*See Green v. Forney Engineering Co.,* 589 F.2d 243 (5th Cir. 1979).

---

**3.** Obtaining a properly issued right-to-sue notice is a jurisdictional prerequisite to filing suit.

## II. VAGUENESS OF COMPLAINT

█ Defendant next moves to dismiss the complaint upon the ground that it is vague, conclusory and without any facts, in violation of Rule 6(a), Fed.R.Civ.P., and Local Rule 220. The class action pleading requirements of Local Rule 220 are clearly not satisfied by plaintiffs' recitation of the language of that rule, rather than the information required by it. Since plaintiffs' motion for class certification is now pending, however, the court now declines to dismiss that portion of the complaint. The court will consider the adequacy of the pleading together with the averments of that motion in determining whether class certification is warranted. Therefore, defendant's motion to dismiss the entire complaint on the ground that it is too vague is DENIED.

## III. SEX DISCRIMINATION CLAIMS

Defendant has also moved to dismiss those of plaintiffs' claims of sex discrimination that are based upon 42 U.S.C. § 1981 and § 1985(c). Although the court agrees that the complaint is somewhat unclear as to which claims are made pursuant to the various statutes pleaded, the complaint might well be construed to plead a claim of sex discrimination for which relief is sought under § 1981 and § 1985(c).

█ The Fifth Circuit, as well as this court, has held that no cause of action for sex discrimination exists under § 1981. *Willingham v. Macon Telegraph Publishing Co.*, 482 F.2d 535, 537 n. 1 (5th Cir. 1973); *Sanders v. Dobbs Houses, Inc.*, 431 F.2d 1097 (5th Cir. 1970), *cert. denied*, 401 U.S. 948, 91 S.Ct. 935, 28 L.Ed.2d 231 (1971); *Smith v. Liberty Mutual Insurance Co.*, 11 FEP Cas. 732, 733 (N.D.Ga.1973).

Further, the Supreme Court has recently barred use of § 1985(c) to remedy violation of rights conferred by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq. Great American Federal Savings & Loan Assn. v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). Plaintiffs have pleaded no other sex discrimination claims that may be appropriately remedied pursuant to § 1985(c). Accordingly, defendant's motion to dismiss those claims of sex discrimination based upon § 1981 and § 1985(c) is GRANTED.

## IV. STANDING OF GRIMES TO RAISE DISCRIMINATION IN EMPLOYMENT BENEFITS

█ Defendant moves to dismiss plaintiffs' claim that "some blacks . . . are not ordinarily retained a sufficient length of time" to receive employee benefits, on the ground that plaintiff Grimes was employed by defendant for close to four years and thus lacks standing to raise such a claim.

In order to grant a motion to dismiss in this case, the court must find that plaintiff can prove no set of facts which would entitle him to relief. *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978).[4] This stringent standard is not satisfied here and, accordingly, this ground for the motion to dismiss is DENIED.

## V. HIRING DISCRIMINATION CLAIMS

█ Defendant also moves to dismiss plaintiffs' claims of hiring discrimination upon two grounds: first, that plaintiff Grimes made no general claim of hiring discrimination in his charge filed with the EEOC; and second, that since plaintiff Grimes is a former employee, he lacks standing to raise this issue.

Viewing plaintiff's charge to the EEOC broadly, *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970), the court cannot say that plaintiff has not raised such a claim with the EEOC. Plaintiff stated in his charge that "The company maintains continuing employment practices and policies, which discriminate against blacks and females." We think this sufficient to raise the issue of discrimination in hiring.

---

4. The court can conceive of employment benefits, such as retirement plans, that may not vest or otherwise become available until more than four years' seniority has accrued. Absent some affirmative showing by defendant that no such benefits exist, the court must decline to rule in its favor.

Plaintiff Grimes does lack standing, however, to raise hiring discrimination claims, since he is a former employee. He has suffered no injury through these alleged discriminatory hiring practices. *Freeman v. Motor Convoy, Inc.*, 409 F.Supp. 1100 (N.D.Ga.1976). *See Causey v. Ford Motor Co.*, 516 F.2d 416 (5th Cir. 1975), where the Fifth Circuit stated that because "appellant herself was recruited and hired through one of the allegedly discriminatory methods . . . she [could not] claim individual injury" from the practice about which she complained. *Accord, Chavez v. Tempe Union High School*, 565 F.2d 1087 (9th Cir. 1977). Further, this lack of standing applies to all named plaintiffs with the possible exception of Harolyn Nelson, who is the only named plaintiff who was never an employee of defendant. Accordingly, defendant's motion to dismiss plaintiffs' claims of hiring discrimination is GRANTED as to all plaintiffs except Harolyn Nelson.

## VI. *PLAINTIFF STONE'S § 1981 CLAIMS*

■ Defendant moves to dismiss any § 1981 action asserted by plaintiff Stone as time-barred by the statute of limitations. Although there is no specifically stated limitation period for § 1981 claims, the controlling period of limitations for such claims is that most appropriate under state law. *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Strozier v. General Motors Corp.*, 442 F.Supp. 475 (N.D.Ga.1977).

■ Where such actions are seeking back pay as part of general remedial relief, as in the case sub judice, the courts in this district apply the state statute of limitations that governs actions for unpaid wages. *See, e. g., United States v. Georgia Power Co.*, 474 F.2d 906 (5th Cir. 1973). Georgia Code Ann. § 3–704 provides that all suits seeking recovery of wages, overtime or damages accruing under statutes addressing the payment of wages are governed by a two-year limitation period. Therefore, plaintiff Stone's § 1981 claims should have

been brought within two years of his July 1, 1976 resignation. Since this action was filed May 7, 1979, any § 1981 claim made by defendant Stone is untimely by almost a year and is barred by the limitation period of Ga.Code Ann. § 3–704. Accordingly, defendant's motion to dismiss defendant Stone's § 1981 claim is GRANTED.

## VII. *PLAINTIFFS' JURY REQUEST*

■ Defendant moves to strike plaintiffs' request for a jury trial in this action. It is well settled law in the Fifth Circuit that the relief awarded in Title VII suits, even where § 1981 claims are appended, is equitable in nature and that a jury trial is not mandated. *Lynch v. Pan American Airways*, 475 F.2d 764 (5th Cir. 1973); *Harkless v. Sweeney Independent School District*, 427 F.2d 319 (5th Cir. 1970), *cert. denied*, 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971); *accord, Smith v. Hampton Training School*, 360 F.2d 577 (4th Cir. 1966) (en banc); *EEOC v. Detroit Edison*, 515 F.2d 301 (6th Cir. 1975). Moreover, the relief requested by plaintiffs (Complaint, pp. 5–6) consists solely of equitable relief, requests for injunctive relief, reinstatement and back pay. The request "for lost back-pay does *not* change the character of the proceeding and thereby mandate a jury trial." *Lynch v. Pan American, supra*. Accordingly, defendant's motion to strike plaintiffs' jury request is GRANTED.

## VIII. *ATTORNEY'S FEES*

Defendant finally moves for award of attorney's fees incurred in responding to the complaint. After consideration of this motion, and in the court's discretion, the motion is DENIED.

## IX. *OTHER MOTIONS*

Since this order dismisses plaintiffs' Title VII claims, all other motions by defendant are DENIED AS MOOT.

## X. *SUMMARY*

In summary, the court DENIES defendant's motion to dismiss the entire complaint, GRANTS defendant's motion to dismiss

those claims of sex discrimination based upon 42 U.S.C. § 1981 and § 1985(c), DE-NIES defendant's motion to dismiss plaintiffs' charge of denial of equal employment benefits, GRANTS as to all plaintiffs except Harolyn Nelson defendant's motion to dismiss plaintiffs' claims of hiring discrimination, GRANTS defendant's motion to dismiss plaintiff Stone's claims based upon 42 U.S.C. § 1981, GRANTS defendant's motion to dismiss plaintiffs' Title VII claims, GRANTS defendant's motion to strike plaintiffs' jury request, DENIES defendant's motion for attorney's fees and DE-NIES all other of defendant's motions as moot.

So ORDERED, this 18th day of December, 1979.