Barbara CATTELL

v.

BOB FRENSLEY FORD, INC.

No. 80–3301–NA–CV.

United States District Court,
M. D. Tennessee,
Nashville Division.

Oct. 29, 1980.

Stanley Chernau, Vaden M. Lackey, Jr., Nashville, Tenn., for plaintiff.

George Barrett, Barrett, Lenahan, Kniffen & Ray, Nashville, Tenn., for defendant.

## MEMORANDUM

MORTON, Chief Judge.

In its present posture, this case presents the court with two motions: the defendant's motion to dismiss and the plaintiff's motion to amend her complaint. For reasons which will be set forth below, the court has determined to grant the latter and deny the former.

Plaintiff has filed a complaint under Title VII of the Civil Rights Act of 1964, alleging religious discrimination in the employment practices of the defendant. Specifically, plaintiff alleges that she was wrongfully discharged from her job with the defendant for the sole reason that she is a person of the Jewish faith. Jurisdiction of this court is invoked pursuant to 42 U.S.C. § 2000e, *et seq.*

The chronology relevant to the present decision is as follows: Plaintiff was discharged from her job with defendant on March 8, 1980. On March 25, 1980, plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) charging religious discrimination in her discharge. On or about March 28, 1980, a similar complaint was filed with the Tennessee Commission for Human Development (TCHD), challenging her discharge under state laws. On April 14, 1980, TCHD deferred initial consideration of the complaint, stating that in accordance with a prior "worksharing agreement" EEOC would investigate the charge. On April 17, 1980, EEOC scheduled a fact-finding conference to be held on May 30. When that conference failed to materialize, EEOC apparently determined that it would be unable to act on the complaint within the 180 days prescribed by statute, and issued to plaintiff a "right-to-sue" letter. Thereafter, on July 3, 1980, the present suit was filed with this court.

Defendant's motion to dismiss is based upon two grounds. First, it is urged that plaintiff failed to comply with the statutory requirement that the claim be deferred to an appropriate state agency for a minimum of sixty days prior to instituting an action with the EEOC. *See* 42 U.S.C. § 2000e–5(c). It is undisputed that TCHD is an appropriate agency for such deferral, and that sixty days did not elapse prior to EEOC's consideration of the complaint. It is, in fact, clear that the technical require-

ments of the statute were not met, in view of the fact that the EEOC complaint was filed some three days prior to the TCHD complaint. (Plaintiff claims that the two complaints were filed on the same day, but from the exhibit attached to her motion to amend, it is evident that TCHD did not receive the complaint until March 28, while the EEOC complaint is plainly dated March 25). However, it does not appear from anything yet in the record that EEOC began active consideration of the charge until TCHD had refused to act.

█ In the opinion of the court, TCHD was given ample opportunity to consider the charge, and when it decided not to do so, it would have been an exercise in futility to require EEOC to refrain from its own investigation for the remainder of the sixty-day period. Under the plain language of the statute, TCHD's refusal to act could be considered a termination of the proceedings, and plaintiff would then have been entitled to file a complaint with the EEOC. The fact that such a complaint had been previously filed, and was thereafter actively pursued by EEOC, does not seem to be such a serious variation from the statutory requirement as to warrant dismissal.

While plaintiff was somewhat premature in filing her action with EEOC, she clearly did everything in her power to pursue her state administrative remedies. The state agency then effectively waived its jurisdiction, thus giving plaintiff the right to pursue her remedies before the EEOC. In the view of the court, the requirement of deferral to a state agency prior to EEOC consideration of the charge has been satisfied. Defendant's first ground for dismissal is therefore without merit.

Although the original complaint in the present action failed to include an allegation that the TCHD remedy had been sought and denied, plaintiff has moved to amend her complaint to include such an

allegation. In the interest of justice, that motion to amend will be granted.

The second ground raised by defendant in support of the motion to dismiss raises more difficult issues. Defendant argues that this court is without subject matter jurisdiction under 42 U.S.C. § 2000e–5(f), until such time as the complaint has been pending before the EEOC for a minimum of 180 days. The relevant statutory language is as follows:

> If a charge filed with the Commission . . . [under] this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d)[1] of this section, whichever is later, the Commission has not filed a civil action under this section . . ., or the Commission has not entered into a conciliation agreement to which the aggrieved person is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved."

42 U.S.C. § 2000e–5(f)(1).

As noted by the court in *Featherstone v. Liberty Cash Grocers, Inc.*, 82 F.R.D. 484 (W.D.Tenn.1979), there is substantial disagreement among lower courts as to the effect of the quoted statutory language. The court in that case determined that the district court was without jurisdiction to consider a claim filed prior to the expiration of 180 days from the date of filing with the EEOC, even if there had been a right-to-sue letter issued. *Accord, Hiduchenko v. Minneapolis Medical Center*, 467 F.Supp. 103 (D.Minn.1979); *Grimes v. Pitney Bowes, Inc.*, 480 F.Supp. 1381 (N.D.Ga.1979); *Scott v. Board of Education*, 18 F.E.P. Cases 1230 (D.Md.1977); *Budreck v. Crocker National*

---

1. Subsections (c) and (d) refer to the sixty-day period for deferral to the appropriate state agency. Subsection (c) provides that the aggrieved party may not bring an EEOC action prior to the lapse of the sixty days following filing with the state agency, unless the state action is earlier terminated. Subsection (d) applied where a charge is filed by a Commissioner of the EEOC and requires a delay of a period of not less than sixty days to allow for the state agency to act.

*Bank,* 407 F.Supp. 635 (N.D.Cal.1976). Reading the 180-day deferral requirement as jurisdictional also finds support in dicta in two cases from the Supreme Court. *See Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 104 n. 12, 99 S.Ct. 1601, 1610 n. 12, 60 L.Ed.2d 66, 80 (1979); *Johnson v. Railway Express Agency,* 421 U.S. 464, 458, 95 S.Ct. 1716, 1719, 44 L.Ed.2d 295, 300 (1975).

Other cases have expressed a different view. *See Bryant v. California Brewers Association,* 585 F.2d 421 (9th Cir. 1978), *vacated and remanded sub. nom. California Brewers Ass'n v. Bryant,* 444 U.S. 598, 100 S.Ct. 814, 63 L.Ed.2d 55 (1980), *reh. den.* 445 U.S. 253, 100 S.Ct. 1672, 64 L.Ed.2d 253 (1980); *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship & Training Committee,* 440 F.Supp. 506 (N.D. Cal.1977); *Zubero v. Memorex, Inc.,* 12 F.E.P. Cases 604 (N.D.Cal.1976); *Lewis v. FMC Corp.,* 11 F.E.P. Cases 31 (N.D.Cal. 1975); *Howard v. Mercantile Commerce Trust Co.,* 10 F.E.P. Cases 158 (E.D.Mo. 1974). *See also,* additional cases cited at n. 159, p. 916, Schlei & Grossman, Employment Discrimination Law (1976). Particularly instructive is the *Bryant* case, *supra,* wherein the court pointed out that the statute in question merely grants the aggrieved party a right to file suit following 180 days of Commission inaction or failure to achieve conciliation. However, the court noted, "[n]owhere does the statute prohibit the EEOC from issuing such notice before the expiration of the 180-day period." 585 F.2d at 425.

■ *Bryant* may also be seen as instructive on the Supreme Court's view of the nature of the 180-day period. The case was remanded by the Supreme Court on substantive grounds, without any discussion of the nature of the 180-day deferral period. While there is no indication that the argument was raised, the conclusion that the Court does not view the requirement as jurisdictional is inevitable. It is a well-settled proposition that lack of subject matter

jurisdiction may not be waived and will be raised by the courts *sua sponte* at any stage in the proceedings should it appear that there is a jurisdictional defect. As pointed out by Wright and Miller,

> [E]ven if the parties remain silent, it is well settled that a federal court, whether trial or appellate, is obliged to notice on its own motion the want of its own jurisdiction, or the lower court's lack of subject matter jurisdiction when a case is on appeal. [Citing, inter alia, *City of Kenosha, Wisconsin v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973)]. The Supreme Court has said: "An appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review."

13 Wright & Miller, Federal Practice and Procedure § 3522 at 48–49, quoting *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1974). In *Bryant,* the Court proceeded to a consideration of the merits despite clear notice through the argument in the court of appeals that a jurisdictional question was present. The conclusion is inescapable that the Court considered itself and the lower courts in the case as having jurisdiction despite the fact that the 180-day period had not run prior to the commencement of the district court action.

Furthermore, despite the contrary conclusion reached by a number of lower courts, this court does not believe that either the statutory language or the legislative history mandates a conclusion that the 180-day period was intended to be a hard and fast jurisdictional rule. The statute itself is simply not clear on the point. As noted by the court of appeals in *Bryant,* the statute creates a right to pursue a judicial remedy following EEOC dismissal or the expiration of 180 days without conciliation or commencement of suit by the Commission. But it does not, on its face, contain any prohibition of an earlier suit, provided the Commission has determined that a right-to-sue letter should be issued.[2]

---

**2.** The statute does, by implication, prohibit resort to the courts prior to the expiration of the

180-day period in cases where the Commission does not issue a right-to-sue letter. Such a

It therefore becomes necessary to examine the legislative history to determine whether there is a clear congressional intent to absolutely preclude district court jurisdiction prior to the expiration of 180 days following filing with the Commission. In the opinion of the court, such intent is not to be found.

As noted by the district court in *Budreck, supra,* 407 F.Supp. at 640, the explanations of the provision found in the committee reports to the act "are all phrased in the same conditional language of the statute itself." For example, in the committee report accompanying the House version of the 1972 amendments in which the 180-day requirement was recommended, it is said:

> Section 715 provides that if the Commission finds no reasonable cause, fails to make a finding of reasonable cause, or takes no action with respect to a charge, or has not within 180 days issued a complaint nor entered into a conciliation or settlement agreement which is acceptable to the person aggrieved, it shall notify the person aggrieved. Within 60 days [90 days in final bill] after such notification the aggrieved person shall then have the right to commence an action under the provisions of this Act against the respondent in the proper United States district court.

H.R.Rep.No.92–238, 92d Cong., 2d Sess., *reprinted in* [1972] U.S.Code Cong. & Ad. News, pp. 2137, 2147.

Taken alone, this language could support the conclusion of the *Budreck* and other courts that the requirement was intended to be jurisdictional. However, the language cannot be read in isolation. The quoted excerpt follows a discussion of the increasingly heavy backlog of cases filed before the EEOC, and of the need to amend the enforcement procedures to allow for more expeditious vindication of the rights of aggrieved employees. It was noted that the original scheme had been developed out of a

belief that conciliation rather than litigation was the more appropriate mechanism for resolving most disputes. Further, it had been thought that "[l]itigation ... would be necessary only on an occasional basis in the event of determined recalcitrance. Experience, however, has shown this to be an oversimplified expectation, incorrect in its conclusions." *Id.,* at 2144.

Thus, while Congress thought that administrative remedies should be pursued before resort to the district courts, it established a ceiling on the length of time that an aggrieved person would be required to wait for the EEOC to act. This reflected an accommodation of conflicting interests. As previously noted, conciliation of disputes was seen as a preferable alternative to litigation. *Id.* Second, administrative remedies were seen as generally preferable because of the assumed expertise that an agency would develop through the processing of many similar claims. *Id.,* at 2146. In addition, it was thought that the EEOC would usually process claims more expeditiously than would the courts, despite the backlog of cases facing the Commission. On the other hand, it was recognized that the heavy case load would in some instances prolong a particular claim for an unsatisfactory length of time. "The primary concern must be protection of the aggrieved person's option to seek a prompt remedy in the best manner available." *Id.,* at 2148.

Once the Commission has determined, as it did in the present case, that it will be unable to complete administrative processing of a complaint within the 180-day period, none of the asserted objectives of the requirement would be served by forcing further delay. Clearly, the purpose of conciliation will not be served if the Commission is too busy to consider the charge. Likewise, any benefits of agency expertise will be lost. Neither can it be said that Commission action is the most expeditious

---

result is clearly the only way in which to effectuate the plain congressional intent that the EEOC remedy should be pursued first. In the present case, however, plaintiff made no effort to resort to the courts until the EEOC had

informed her that she had a right to sue, and that the Commission would not be able to act on her complaint before the expiration of 180 days.

route to dispute resolution in the particular case. And finally, such a rule would stymie the asserted primary concern for protecting the option to seek a prompt remedy. Fundamentally, requiring the plaintiff in such a case to sit twiddling her thumbs and "flattening her time" [3] by watching the days drift by until there finally appeared the time when a remedy was available would just not make sense.

■ It should be noted that the EEOC issued its right-to-sue notice in this case under a regulation which expressly provides for such notice whenever it is determined "that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect." 29 C.F.R. § 1601.28(2). The court is unwilling, in light of the language of the statute and the relevant legislative history to hold that this regulation was beyond the scope of the EEOC's authority to promulgate. And there has been no allegation of bad faith on the part of the appropriate EEOC officials in making the determination in this particular case that action would not be taken within the 180-day period. The court must conclude, therefore, that a valid right-to-sue notice having been issued, this court has jurisdiction to entertain this action.[4]

■ In conclusion, the court holds that jurisdiction is conferred on district courts to hear claims of employment discrimination under Title VII when a right-to-sue letter has been sent to the aggrieved person, even if that occurs within the 180-day deferral period, provided there has been a determination that the EEOC will be unable to act within that time. This, of course, does not empower persons so aggrieved to sidestep the statutory procedures by seeking initial review in the courts. Nor does it suggest that the EEOC may routinely decline to exercise its jurisdiction to act as the forum of first resort. But where there is a bona fide determination that agency action will not occur within the statutory period, for administrative or other reasons, the requirement of deferral to the commission is satisfied. Persons aggrieved by discriminatory employment practices must be afforded a forum in which to assert their rights, and when the EEOC is unable to act, the district court stands ready.[5]

---

**3.** "Flattening one's time" is prison jargon used to describe the long and arduous process of marking off the days until the prisoner's release.

**4.** Since it is well settled that the requirement that suit be brought within 90 days following issuance of the right-to-sue notice is jurisdictional in the sense of a statute of limitations, see *Goodman v. City Products Corp. Ben Franklin Div.*, 425 F.2d 702 (6th Cir. 1970) (construing prior 30-day limit), it is clear that plaintiff in this case was required to act promptly to preserve her rights following the issuance of notice. It would indeed be anomalous to hold that she could not sue for 180 days but was required to do so within that time in order to preserve her rights. This kind of "catch-22" would surely subvert the remedial purpose of Title VII.

**5.** An additional basis for finding jurisdiction in this case would be a determination that, since 180 days have now passed since the filing of plaintiff's claim with the EEOC, the statutory requirement has been satisfied, and court action is now proper. A number of courts have so held. See *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship & Training Committee*, 440 F.Supp. 506 (N.D.Cal. 1977). Cf. *Grimes v. Pitney Bowes, Inc.*, 480 F.Supp. 1381 (N.D.Ga.1979) (requiring reopening of EEOC investigation for additional 161 days before a right-to-sue letter would be honored). However, in view of the holding in the present case, no determination of this issue is necessary. The court expresses no view of the situation where, for example, the notice was issued without determining that action within 180 days would not be forthcoming, and the period expired prior to filing suit.