Harvey K. PERSONS, III

v.

UNITED PARCEL SERVICE, INC.

Civ. A. No. C80–581A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 17, 1980.

Harvey K. Persons, III, pro se.

Smith, Currie & Hancock, Atlanta, Ga., for defendant.

### ORDER

TIDWELL, District Judge.

The above–styled action is presently before the court on defendant's motion for partial summary judgment. The plaintiff instituted this action under 42 U.S.C. § 1981 and 42 U.S.C. § 2000 *et seq.*, alleging that the defendant had discriminated against the plaintiff on the basis of sex and race and

had terminated plaintiff's employment in retaliation of the plaintiff's participation in a charge of employment discrimination. In his complaint, the plaintiff requests a declaratory judgment, injunctive relief, reinstatement and back pay. The defendant now files this motion for partial summary judgment with respect to each charge alleged under 42 U.S.C. § 1981.

Since the plaintiff has failed to respond to the motion for summary judgment within twenty (20) days, the court deems the material facts submitted by the defendant to be admitted. Local Rule 91.72. The relevant facts are as follows. The defendant employed the plaintiff until August of 1977 at which time his services were terminated. The plaintiff ultimately filed this suit on April 4, 1980.

In its motion, the defendant seeks summary judgment with respect to all of plaintiff's allegations as founded upon 42 U.S.C. § 1981 on the following grounds: (1) The plaintiff's claim of discrimination on the basis of sex and in retaliation for his participation in a charge of employment discrimination are not cognizable as independent causes of action under 42 U.S.C. § 1981. (2) The plaintiff's allegation that he was terminated on the basis of his race in violation of 42 U.S.C. § 1981 is barred by the judicially recognized period of limitation.

■ With respect to the defendant's first contention, it is well-established that 42 U.S.C. § 1981 does not reach incidents of discrimination on the basis of sex. *Willingham v. Macon Telegraph Publishing Co.*, 482 F.2d 535, 537 n.1 (5th Cir. 1973); *Grimes v. Pitney Bowes, Inc.*, 480 F.Supp. 1381, 1387 (N.D.Ga.1979). Furthermore, under 42 U.S.C. § 1981, a claim of retaliatory discrimination does not constitute an independent cause of action. *Tramble v. Converters Ink Co.*, 343 F.Supp. 1350 (N.D.Ill., E.D.1972); *Hudson v. IBM*, 22 EPD ¶ 30,827 (S.D.N.Y.1978). For the foregoing reasons, the court grants summary judgment with respect to the plaintiff's allegations of sexual and retaliatory discrimination under 42 U.S.C. 1981.

■ As to plaintiff's claim of racial discrimination, it is clear that the plaintiff's charge is cognizable under 42 U.S.C. § 1981. However, the defendant asserts that the plaintiff should be barred by a judicially derived period of limitation. Although Congress has often failed, as in the case of 42 U.S.C. § 1981, to prescribe a period of enforcement in enacting legislation, federal courts have regularly imposed an appropriate period of limitation on federal statutes under the "borrowing doctrine". *See, Annot.* 98 A.L.R.2d 1160 (1964); *Annot.*, 90 A.L.R.2d 265 (1963). Under this doctrine, the applicable period of limitation is that which the state itself would enforce had an action seeking similar relief been brought in a court of that state. *Beard v. Stephens*, 372 F.2d 685 (5th Cir. 1967).

■ Where such actions are seeking back pay as part of general remedial relief, as in the case *sub judice*, the better rule would require the application of the state statute of limitations which governs actions for unpaid wages. *Grimes v. Pitney Bowes, Inc.*, 480 F.Supp. 1381 (N.D.Ga.1979) (Edenfield, J.); *Strozier v. General Motors Corp.*, 442 F.Supp. 475 (N.D.Ga.1977) (O'Kelley, J.). *Ga.Code Ann.* § 3–704 provides that all suits seeking recovery of wages, overtime or damages accruing under statutes respecting the payment of wages are governed by a two–year limitation period. In the present case, a period of thirty–three months elapsed between the termination of the plaintiff's employment on August 1977 and the filing of this suit on April 4, 1980. Accordingly, the court concludes that the plaintiff's claim of racial discrimination as it is based on 42 U.S.C. § 1981 is barred and the defendant's motion for summary judgment is granted.

## SUMMARY

In its motion, the defendant requests that partial summary judgment be granted with respect to the plaintiff's allegation under 42 U.S.C. § 1981 of discrimination on the basis of sex and race and in retaliation for participation in a charge of employment discrimination. For the foregoing reasons, the

court grants defendant's motion for partial summary judgment.

SO ORDERED.