George JOHNSON, Jr. and Clifford F. Robinson, Sr., Individually and as Members of the Class of Persons Similarly Situated, Plaintiffs,

v.

RICHMOND COUNTY; Harry G. Perkins, Individually and in His Official Capacity as County Administrator of Richmond County; and Richard O. McCann, Individually and in His Capacity as Director of the Richmond County Fire Department, Severally and Jointly, Defendants.

Civ. A. No. 180–91.

United States District Court,
S. D. Georgia,
Augusta Division.

March 2, 1981.

Antonio L. Thomas, Atlanta, Ga., for plaintiffs.

Robert C. Daniel, Jr., Augusta, Ga., R. Lawrence Ashe, Jr., and Donald R. Stacy, Atlanta, Ga., for defendants.

## ORDER

BOWEN, District Judge.

Named plaintiffs George Johnson, Jr. [Johnson] and Clifford F. Robinson, Sr. [Robinson] brought this action, styled a class action, under Title VII, 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. §§ 1981, 1983 alleging employment discrimination by the Richmond County Bureau of Fire Services [Richmond County Fire Department or fire department] in job assignment, transfer, promotion and discharge. The case is presently before the Court on defendants' motion for partial summary judgment.

On review of the pleadings, affidavits, and exhibits on file, the following facts are uncontested. Named plaintiff Robinson, a black male, was hired by the fire department in May of 1974 as a pump operator. On March 16, 1976, Robinson filed a charge of racial discrimination with the Equal Employment Opportunity Commission [EEOC], and in the body of the complaint alleged:

> The above-named employer [Richmond County Fire Department] discriminates against blacks in hiring and promotions. The whites are taken from the city fire dept. and placed in high ranking positions in the county. The blacks with seniority in the county are not considered for any promotions. Black applicants are not considered for hiring. Only the whires [*sic*] are. Also, the blacks are referred to as 'niggers' by the chief.

In a subsequently filed nine-page EEOC questionnaire, Robinson specifically complained of racial discrimination in the selection of the lieutenant in the Fire Prevention Bureau. The uncontroverted affidavit of Richard O. McCann, Director of the Richmond County Fire Department, shows that, within 180 days prior to the date of Robinson's EEOC complaint, the only promotion to lieutenant in the Fire Prevention Bureau was of Herbert Terry, Sr., a black employee. Approximately seven months after filing the discrimination charge, Robinson was discharged from the fire department.

The EEOC investigated Robinson's complaint, and on December 26, 1979, made the following determination:

> The Charging Party alleged that Respondent discriminated against him because of his race (Black) by failing to promote him. Examination of the evidence in the record indicates that there is not reasonable cause to believe that this allegation is true. No determination is made as to any other issue raised by the subject charge or which might be construed to have been raised in the charge.

On receipt of the EEOC no reasonable cause determination and a "Notice of Right to Sue" issued by the United States Department of Justice, Robinson timely brought this civil action under Title VII.

Named plaintiff Johnson, a black male, filed an EEOC charge of racial discrimination in employment against the Richmond County Fire Department on March 16, 1976. The substance of the administrative complaint is identical to that filed by Robinson. Johnson was employed by the fire department in May of 1974 and is presently employed in the rank of captain. In a nine-page EEOC questionnaire, Johnson specifically complained of racial discrimination on the part of the Richmond County Fire Department in the selection of assistant chief. Within 180 days prior to the date of Johnson's EEOC charge, on January 20, 1976, a white employee of the Richmond County Fire Department was promoted to the position of assistant chief.

In its determination of Johnson's charge, the EEOC made a finding of reasonable cause, and concluded:

> Respondent [fire department] did not have any policy/criteria for promotions at the time of the charge. Respondent selected a white male to a high ranking position which was exclusively white male. The white male had more length of service as a fire fighter, however, there was no objective evidence that his qualifications were any better than the Charging Party's qualifications. Therefore it must be concluded that race played a part in the selection of the white male over the Charging Party.

No other determinations were made. Thereafter, named plaintiff Johnson timely filed this civil action under Title VII.

In their motion for partial summary judgment, defendants assert the following grounds:

(1)(a) The limitations period for backpay under 42 U.S.C. §§ 1981, 1983 has run against any *circa* 1976 promotion complaints of Robinson and Johnson.

(b) The section 1981 and 1983 limitations period has run on any claim Robinson may have for compensation stemming from his 1976 discharge.

(c) Defendants, within the two-year limitations period under sections 1981 and 1983, cannot have discriminated in pay against plaintiff Robinson.

(d) Defendants, at least up until January 1, 1980, cannot have discriminated against plaintiff Johnson or black firemen in pay in violation of 42 U.S.C. §§ 1981, 1983.

(2)(a) The Title VII action may be maintained against the employer defendant Richmond County but not against the named individual defendants.

(b) Plaintiff Robinson's individual discharge is not cognizable under the Title VII claim since it was never raised in the EEOC charge or investigated and ruled upon by the EEOC.

(c) An allegation of discrimination against blacks as a class in denial of equal pay is not litigable under Title VII inasmuch as it is not like and related to issues complained of to or reasonably investigated by EEOC.

(3)(a) Defendants have not discriminated against blacks generally in discharges.

(b) Defendants have not discriminated either against blacks generally or against the two named plaintiffs in promotions.

The Court will consider these grounds for summary judgment in the order listed.

*Claims under 42 U.S.C. §§ 1981, 1983*

■ It is well settled that, in actions under the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, the applicable statute of limitation, is that which the state would apply if the suit had been brought in its courts. *Pegues v. Morehouse Parish School Board*, 632 F.2d 1279 (5th Cir. 1980); *see Kirk v. Cronvich*, 629 F.2d 404 (5th Cir. 1980); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980). Thus, since the forum state is Georgia, the applicable limitation period is two years. *See Shank v. Spruill*, 406 F.2d 756 (5th Cir. 1969); *Grimes v. Pitney Bowes, Inc.*, 480 F.Supp. 1381 (N.D.Ga.1979).

With respect to named plaintiff Robinson, there is no genuine issue of material fact as to the untimeliness of any claim under sections 1981 and 1983 for backpay or compensation for defendants' alleged discrimination in the 1976 promotion or Robinson's 1976 discharge. Similarly, the two-year period has expired for any claim that defendants discriminated in pay against Robinson. Named plaintiff Johnson is also time barred from asserting a claim under sections 1981 and 1983 for backpay stemming from the 1976 assistant chief promotion, or for discrimination in pay occurring prior to May 23, 1978.

Accordingly, summary judgment is granted in favor of defendants on the above listed grounds: (1)(a), (1)(b) and (1)(c). Decision is reserved on ground (1)(d) pending consideration of plaintiffs' class action allegations pursuant to Fed.R.Civ.P. 23(c)(1).

*Claims under Title VII*

■ Initially, the Court notes that, excluding employment agencies, labor organizations, etc., a Title VII action is maintainable only against an employer. 42 U.S.C. § 2000e–5. Thus, under the Title VII claim in this action, the named individual defendants are improper parties.

■ Furthermore, the Court finds that an individual claim of discriminatory discharge by plaintiff Robinson is beyond the permissible scope of the complaint in this Title VII action. Since the allegations in Robinson's EEOC charge pertain to discrimination in hiring and promotion, a civil action discharge claim does not meet the *Sanchez* "like or related" test. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466

(5th Cir. 1970) ("[T]he 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."); *see Gamble v. Birmingham Southern Railroad Co.,* 514 F.2d 678 (5th Cir. 1975); *Whittaker v. Department of Human Resources,* 86 F.R.D. 689 (N.D. Ga.1980).

Accordingly, summary judgment is granted in favor of defendants on the above-listed grounds: (2)(a) and (2)(b). Decision is reserved on ground (2)(c) pending consideration of plaintiffs' class action allegations pursuant to Fed.R.Civ.P. 23(c)(1).

*Disparate treatment: individual and patterns and practices claims and disparate impact claim*

Defendants seek summary judgment on the individual claims of both plaintiffs' Johnson and Robinson. With respect to Johnson's claim that the January 20, 1976, promotion of a white to assistant chief was discriminatory, the EEOC found reasonable cause to believe that discrimination had occurred. The Court recognizes that in a Title VII disparate treatment case, proof of discriminatory motive is critical. *See Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). Moreover, while the nature of the proof and the intricate burden shifting in an employment discrimination case does not foreclose the use of Rule 56, summary judgment is clearly disfavored. *See Hayden v. First National Bank,* 595 F.2d 994, 997 (5th Cir. 1979) ("When dealing with employment discrimination cases, which usually necessarily involve examining motive and intent, as in other cases which involve delving into the state of mind of a party, granting of summary judgment is especially questionable."). In Johnson's case, the Court finds that genuine issues of material fact exist regarding motive and intent.

On examination of plaintiff Robinson's complaint that he was denied promotion to lieutenant in the Fire Prevention Bureau, the Court finds that the only promotion to lieutenant in the Fire Prevention Bureau, occurring within 180 days prior to Robinson's EEOC charge, was of a black employee. *Affidavit of Richard O. McCann, Director of the Richmond County Fire Department.* The Court, therefore, is constrained to conclude that, where both the person seeking the promotion and the person actually promoted were black, no racial discrimination in promotion may be proved. Thus, no genuine issues of material fact exist which would support a finding that the subject promotion was made on the basis of race.

At the hearing on defendants' motion for partial summary judgment, it became apparent that plaintiff Robinson was the subject of isolated racial epithets. The Court has previously determined that Robinson has no Title VII claim for discriminatory promotion or discharge. A similar conclusion must follow on any claim stemming from defendant's isolated use of racial slurs. While such derogatory comments, at an excessive and opprobrious level, may constitute unlawful employment practices under Title VII, isolated epithets do not. *See Cariddi v. Kansas City Chiefs Football Club,* 568 F.2d 87 (8th Cir. 1977). Moreover, isolated epithets do not amount to a compensable injury under Title VII through backpay awards.

Accordingly, defendants' motion for partial summary judgment on the Title VII claim of named plaintiff Johnson is denied. Defendants' motion for partial summary judgment on the Title VII claims of named plaintiff Robinson is granted, and Robinson is dismissed as a named party plaintiff. Decision is reserved on the claims that defendants have discriminated generally against blacks in discharges and promotions pending consideration of plaintiffs' class action allegations pursuant to Fed.R.Civ.P. 23(c)(1).