Pamela HAGER, Plaintiff,

v.

WESTERN SIZZLIN STEAK HOUSE, INC. (AUGUSTA) and Western Sizzlin Steak House, Inc. (Indiana), Defendants.

Civ. A. No. CV181–40.

United States District Court,
S. D. Georgia,
Augusta Division.

April 27, 1982.

Victor Hawk, Vernon Neely, Augusta, Ga., for plaintiff.

J. Patrick Claiborne, William J. Cooney, Augusta, Ga., for Western Sizzlin Steak House, Inc. (Augusta).

## ORDER

BOWEN, District Judge.

This matter is before the Court upon motion of the defendants, pursuant to Fed. R.Civ.P. 56, for summary judgment. The plaintiff Pamela Hager is a former employee of the defendants. The plaintiff was employed at the Western Sizzlin Steak House in Augusta until February, 1980. Larry Bass was the manager at that restaurant during that period. The plaintiff alleges that Nick Pascarella, president of Western Sizzlin Steak House, asked Larry Bass and the plaintiff to go to Indiana temporarily to manage a franchise there. Mr. Pascarella promised both Bass and the plaintiff that their jobs in Augusta would be returned to them when they came back from Indiana. Bass and the plaintiff went to Indiana. When they returned to Augusta in May, 1980, Larry Bass was given his manager's job back, and Pamela Hager was fired. The plaintiff alleges she was discrim-

inated against on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* because both she and a male were promised that their jobs would be retained for them, and the male did indeed get his job back, but she was fired. (*Deposition of Pamela Hager*, pp. 29, 50–51).

The defendants have moved this Court for summary judgment contending that, as a matter of law, the plaintiff and Bass are not "similarly situated" within the meaning of Title VII. The plaintiff was a waitress, while Bass was a manager. Each possessed different qualifications and skills. The defendants further contend that the plaintiff cannot prove sexual discrimination because another female was hired for the plaintiff's waitress position.

■ In considering a motion for summary judgment, the Court has no duty or function to try to decide factual issues. Its only duty is to determine whether there is an issue of fact to be tried. *Chappell v. Goltsman*, 186 F.2d 215 (5th Cir. 1950) and *Slagle v. United States*, 228 F.2d 673 (5th Cir. 1956). All inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). All doubts as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. *Hawkins v. Frick-Reid Supply Corp.*, 154 F.2d 88 (5th Cir. 1946). Ordinarily summary disposition of Title VII cases is not favored, especially on a potentially inadequate factual presentation. *See Hayden v. First National Bank of Mt. Pleasant, Tex.*, 595 F.2d 994 (5th Cir. 1979). Because the plaintiff has pled a prima facie case of sex discrimination, the defendants' motion for summary judgment is DENIED.

■ As the defendants acknowledge, the plaintiff's contentions are subsumed in one factual event: Larry Bass got his job back as manager while plaintiff did not get her job as waitress. The court in *Turner v. Texas Instruments, Inc.*, 555 F.2d 1251 (5th Cir. 1977) held that this alone sets out a prima facie case of discrimination: "the discharge of Turner, a black, and the retention of Burns, a white, under apparently similar circumstances stated a prima facie case." 555 F.2d at 1255. This same standard, as used in race discrimination cases, is applicable to sex discrimination actions. To successfully establish a prima facie case of sex discrimination based upon disparate treatment, the plaintiff must show that she is a member of a protected minority and that, because of her sex, she and a similarly placed male received dissimilar treatment. *Rohde v. K.O. Steel Castings, Inc.*, 649 F.2d 317 (5th Cir. 1981). The fact that the plaintiff and Bass held dissimilar positions is irrelevant to a determination of what constitutes "similar circumstances" in this case. The plaintiff alleges that both she and Bass were promised the return of their respective jobs. This is comparable to a case in which two employees breach the same company policy but are dealt with differently. In that fact situation, the Fifth Circuit has held that any differences in job status and skill are irrelevant to a determination of what constitutes a prima facie case of discrimination:

> While analysis of differential treatment concerning pay scales is reasonably and logically tied to a consideration of substantial equality in skill, effort, and responsibility, those considerations are largely irrelevant to the establishment of a prima facie disparate treatment by discharge case. What *is* relevant is that two employees are involved in or accused of the same offense and are disciplined in different ways. Differences in job status and skill may well have an impact on the second phase of proof under *McDonnell-Douglas*, ... but they should not defeat a prima facie case as alleged under *Turner*. *Rohde v. K.O. Steel Castings, Inc., supra*, 649 F.2d at 322.

■ As a matter of law, the plaintiff and Larry Bass are "similarly situated" employees for the purposes of this Title VII suit.

The defendants also assert that the plaintiff cannot maintain a Title VII action for sex discrimination because her former posi-

tion was filled by a woman. The defendants cite a decision of this Court, *Johnson v. Richmond County*, 507 F.Supp. 993 (D.C.S. D.Ga.1981) as authority for their position. The defendants' reliance on that case is misplaced. It is not applicable to this fact situation. In the matter before the Court, the discrimination occurred, not in the hiring of another woman to fill the waitress position, but in the honoring by the employer of a promise of employment to a male and the dishonoring of the same promise to a female. The defendants are attempting to rigidify the *McDonnell-Douglas* test into a threshold pleading requirement for Title VII complainants. According to the defendants' contentions, a complaint that did not establish the four criteria as set out in *McDonnell-Douglas* would be fatally defective. *McDonnell-Douglas* is not that constrictive. As noted by that Court, "[t]he facts ... will vary in Title VII cases, and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations." *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802, n.13, 93 S.Ct. 1817, 1824, n.13, 36 L.Ed.2d 668 (1972).

Of course, the fact that the plaintiff has pled a prima facie case of discrimination does not entitle her to any recovery. It merely requires the employer to articulate some legitimate, nondiscriminatory reason for her rejection. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

The defendants have not demonstrated that no genuine issue of material fact exists. Accordingly, their motion for summary judgment is DENIED.