Maxine **ROLARK**, Plaintiff,

v.

The **UNIVERSITY OF CHICAGO HOSPITALS**, Defendant.

No. 88 C 825.

United States District Court, N.D. Illinois, E.D.

June 30, 1988.

**402**

Benjamin A. Streeter, III, Chicago, Ill., for plaintiff.

Lisa A. Weiland, Terry J. Smith, Schiff Hardin & Waite, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

The University of Chicago Hospitals, defendant herein, moves to dismiss this employment discrimination action on the grounds that plaintiff, Maxine Rolark, failed to follow two procedural prerequisites established under Title VII of the Civil Rights Act of 1964 (the Act), 42 U.S.C. § 2000e *et seq.*, and that this court is therefore without jurisdiction to hear plaintiff's claim.[1] That motion is denied.

 The first procedural error alleged by defendant is that the Equal Employment Opportunity Commission (EEOC) processed plaintiff's claim without a prior de-

ferral to the Illinois Department of Human Rights (IDHR). *See* § 706(c) of Title VII, 42 U.S.C. § 2000e-5(c) (charge must be filed with the EEOC after 60 days have elapsed from initial filing of the charge with an authorized state or local agency, unless that agency's proceedings "have been earlier terminated"). Pursuant to 42 U.S.C. §§ 2000e-4(g)(1) and 2000e-8(b) the EEOC entered into a "worksharing agreement" with IDHR to provide for processing of certain charges by the EEOC rather than the IDHR (pl. mem. in opp. to def. mo. to dis., exh. B). In entering into this agreement IDHR waived its exclusive 60-day right to process charges initially processed by the EEOC.

 Defendant's contention that such an agreement violates statutory requirements was recently rejected in *Equal Employment Opportunity Commission v. Commercial Office Products Co.,* —— U.S. ——, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988) (worksharing agreement waiver satisfies the statutory requirement that the state agency "terminate" its proceedings to permit the EEOC to begin its process). In light of this Supreme Court decision, issued after the briefing on this motion, defendant's claim of a procedural deficiency is foreclosed.

Defendant's second argument is that plaintiff commenced her action in this court without waiting 180 days after filing her discrimination charges with the EEOC, in violation of § 706(f)(1) of the Act, 42 U.S.C. § 2000e-5(f)(1). This section authorizes the EEOC to bring enforcement actions against any nongovernmental employer where a conciliation agreement has not been reached. It also provides that

[i]f a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expira-

---

1. Defendant states its motion as one for dismissal under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Dismissal under 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957). Rule 12(b)(1) provides for a motion to dismiss when

the court lacks subject matter jurisdiction, which usually results in a dismissal of the complaint without prejudice. Plaintiff correctly points out that defendant's arguments do not address the sufficiency of plaintiff's allegations on the merits and we therefore consider the pending motion under 12(b)(1) only.

tion of any period of reference ... whichever is later, the Commission has not filed a civil action under this section ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge....

If the EEOC dismisses the claim or if 180 days pass without action on the part of the EEOC, the person aggrieved is entitled to notice—a right-to-sue letter—that her cause of action has accrued. *See Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 361, 97 S.Ct. 2447, 2452, 53 L.Ed.2d 402 (1977) (§ 706(f)(1) "provides that a complainant whose charge is not dismissed or promptly settled or litigated by the EEOC may himself bring a lawsuit, but that he must wait 180 days before doing so"). Section 706(f)(1) was intended in part to encourage conciliatory action prior to litigation in federal court by providing the EEOC with initial jurisdiction over employment discrimination claims. The 180-day provision limits the time that a complainant need tarry while he or she awaits the administrative process. When it is clear to the EEOC that due to its workload it is unlikely that any action will be taken before the expiration of the 180-day period, the district director, pursuant to 29 C.F.R. § 1601.28(a)(2), may issue a right-to-sue letter at an earlier time, thereby giving the complainant an opportunity to litigate within 90 days thereafter.

Defendant challenges the validity of this regulation, arguing that Congress intended a full 180 days to pass before a complainant can bring an action under the Act, irrespective of the availability of the EEOC's participation. The district courts are divided on this question. Courts finding the regulation invalid have held that § 706(f)(1) establishes exclusive EEOC jurisdiction which cannot be waived. *See, e.g., People of New York v. Holiday Inns, Inc.,* 656 F.Supp. 675 (W.D.N.Y.1984); *Spencer v. Banco Real, S.A.,* 87 F.R.D. 739 (S.D.N.Y.1980); *Grimes v. Pitney Bowes, Inc.,* 480 F.Supp. 1381 (N.D.Ga.1979); *Loney v. Carr–Lowrey Glass Co.,* 458 F.Supp. 1080 (D.Md.1978). They stress congressional emphasis on conciliatory efforts with the EEOC and conclude that the Act should not be judicially revised to accommodate the EEOC's caseload.

The only court of appeals to squarely reach the issue, decided that the early issuance of the notice of complainant's right to bring suit is in accordance with § 706(f)(1). *Saulsbury v. Wismer & Becker, Inc.,* 644 F.2d 1251, 1257 (9th Cir.1980); *Bryant v. California Brewers Association,* 585 F.2d 421, 425 (9th Cir.1978) ("Nowhere does the statute prohibit the EEOC from issuing such notice before the expiration of the 180-day period"), *vacated and remanded on other grounds,* 444 U.S. 598, 100 S.Ct. 814, 63 L.Ed.2d 55 (1980). *Accord Cattell v. Bob Frensley Ford, Inc.,* 505 F.Supp. 617, 622 (M.D.Tenn.1980) (180-day period was not intended to be a hard-and-fast jurisdictional rule and the court's authority to hear claims predicated on early right-to-sue letters are consistent with the legislative history of the Act). *See also Milner v. National School of Health Technology,* 409 F.Supp. 1389 (E.D.Pa.1976); Schlei & Grossman, *Employment Discrimination Law* 916, n. 159 (1976) (compiling cases). Apparently no court in this jurisdiction has resolved the conflict.[2]

---

2. *Plummer v. Chicago Journeyman Plumbers' Local 130,* 452 F.Supp. 1127, 1139 (N.D.Ill.1978), *rev'd on other grounds sub nom., Eggleston v. Chicago Journeymen Plumbers' Local 130,* 657 F.2d 890 (7th Cir.1981), *cert. denied sub nom., Joint Apprenticeship Committee Local 130 v. Eggleston,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed. 2d 134 (1982), cited by defendant, is inapposite since the court did not consider the validity of an early right-to-sue letter pursuant to 29 C.F.R. § 1601.28(a)(2). In *Allen v. Schwab Rehabilitation Hospital,* 509 F.Supp. 151, 154 (N.D.Ill.

1981), Judge Shadur discussed but did not resolve the conflict in authorities over the validity of this regulation because the district director based the early EEOC notice on the erroneous assumption that 180 days had passed, rather than on § 1601.28(a)(2). That regulation was also noted and not criticized by the Supreme Court in *Equal Employment Opportunity Commission v. Associated Dry Goods Corp.,* 449 U.S. 590, 595–6 n. 6, 101 S.Ct. 817, 821 n. 6, 66 L.Ed.2d 762 (1981), and by three justices in

We hold that the 180–day time period does not operate as an absolute jurisdictional bar. Plaintiff's cause of action is not restricted by the administrative decisions of the EEOC. *Cf. Jefferson v. Peerless Pumps Hydrodynamic*, 456 F.2d 1359, 1361 (9th Cir.1972) (Although the EEOC failed to attempt conciliation, Title VII "does not condition an individual's right to sue upon the EEOC's performance of its administrative duties."); *Miller v. International Paper Co.*, 408 F.2d 283, 290 (5th Cir.1969) (substantive rights of victim not affected by EEOC inaction or action). While Congress showed clear preference for conciliatory efforts at the administrative level prior to suit in federal court, there is nothing in the Act which prohibits the EEOC from relinquishing its jurisdiction. Further, defendant's use of § 706(f)(1) as a shield for employers charged with discrimination turns the purpose of that section on its head. The 180–day period was intended to afford victims of employment discrimination a private cause of action where the EEOC does not act, or does not act in a timely fashion. The EEOC's regulation simply recognizes that the caseload will sometimes be so heavy that it can be determined early on that no action can be taken within 180 days and the issuance of an early right-to-sue letter is a reasonable implementation of the Act. We do not think that Congress has so clearly resolved the dispute that the EEOC, which has been delegated the authority to administer Title VII claims, has been proscribed from filling gaps that the Act has left open. *See Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Finally, since the rule comes from the EEOC, not this court, we disagree with the authorities cited *supra* describing the allowance of an early right-to-sue letter as unwarranted judicial modification of the Act. It is up to the EEOC to decide how to efficiently administer the Act, and unless its decisions contravene congressional intent we must afford them deference. Giv-

en the remedial aims of the Act and the specified purpose behind § 706(f)(1), we do not think Congress intended to force victims of discrimination to undergo further delay when the district director has determined such delay to be unnecessary.

In any event, defendant's motion must be denied because 180 days have now passed since the filing of plaintiff's charge in October 1987. There would be no point in dismissing plaintiff's claim, forcing her to return to the EEOC to obtain another notice of her right to sue. *See, e.g., Eldredge v. Carpenters 46*, 440 F.Supp. 506, 515 (N.D. Cal.1977) (passage of 180 days prior to hearing on a motion to dismiss cured the jurisdictional defect).

## CONCLUSION

Defendant's contention that plaintiff did not satisfy procedural requirements is without merit. We therefore deny the motion to dismiss.

*Kamberos v. GTE Automatic Electric, Inc.*, 454 U.S. 1060, 102 S.Ct. 612, 70 L.Ed.2d 599 (1981) (Justices White, Brennan and Marshall dissent-ing from a denial of certiorari), although in neither instance was validity of the regulation an issue before the Court.