John SIMS, Plaintiff–Appellant,

v.

TRUS JOIST MacMILLAN,
Defendant–Appellee.

No. 93–8256.

United States Court of Appeals,
Eleventh Circuit.

June 9, 1994.

Kenneth Dious, Dious, Bailey & Associates, Athens, GA, for plaintiff-appellant.

Christine E. Howard, Griffin B. Bell, Jr., Atlanta, GA, for defendant-appellee.

Susan L.P. Starr, EEOC, Office of General Counsel, Washington, DC, amicus curiae, E.E.O.C.

Before HATCHETT and DUBINA,
Circuit Judges, and ESCHBACH *, Senior
Circuit Judge.

DUBINA, Circuit Judge:

This appeal challenges an order of the district court which dismissed this case without prejudice [1] and remanded it to the Equal Employment Opportunity Commission ("EEOC" or "Commission"). The district court based the order on its determination that it lacked subject matter jurisdiction because the EEOC has exclusive jurisdiction over discrimination charges for 180 days. The question we must resolve is whether a complainant is barred from bringing an action in federal district court until 180 days after filing his complaint with the EEOC. Because we hold that early issuance of a notice of right to sue based on the Commission's certification that it will be unable to process the charge within 180 days does not preclude a claimant from filing an action in federal court, we reverse the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

On February 27, 1983, John Sims ("Sims") signed a charge alleging that Trus Joist Mac-Millan ("MacMillan") discriminatorily terminated his employment at MacMillan's plant on the basis of race and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The EEOC date-stamped the charge as received on March 20, 1992. One day earlier, on March 19, 1992, the EEOC received Sims's request that the EEOC issue a right

to sue letter. On March 31, 1992, the District Director of the EEOC's Atlanta, Georgia, office certified that the charge would not be processed within 180 days and issued a right to sue letter terminating the EEOC's processing of the charge.[2]

On June 26, 1992, Sims filed this action against MacMillan in federal district court. MacMillan filed a motion to dismiss for lack of subject matter jurisdiction, which the district court granted. Relying on *Grimes v. Pitney Bowes, Inc.*, 480 F.Supp. 1381 (N.D.Ga.1979), the district court held that the "180 day period is one of exclusive jurisdiction of the EEOC." R1-6-1. The court distinguished the cases cited by Sims, stating that although those cases held that premature issuance of a right to sue letter does not invalidate the notice, in none of the cases cited was the right to sue notice requested before the EEOC had an opportunity to investigate the case. *Id.* at 2 n. 1. The district court also held that the running of the 180 days should be tolled from the date on which the EEOC issued the right to sue notice. According to the court, "another 169 days must elapse before the exclusive authority of the Commission expires." *Id.* Therefore, the district court dismissed the case without prejudice.

## II. DISCUSSION

▇▇▇▇ A district court's dismissal of an action for lack of subject matter jurisdiction is a legal question subject to *de novo* review. *Woodruff v. United States Department of Labor*, 954 F.2d 634, 636 (11th Cir.1992). This court reviews *de novo* a district court's interpretation and application of a statute. *Powers v. United States*, 996 F.2d 1121, 1123 (11th Cir.1993). The EEOC's interpretation of Title VII "need only be reasonable to be

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. Following briefing by the parties on the issue of whether the district court's order is appealable even though it was dismissed without prejudice, this court held that the order was appealable under the collateral order doctrine. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

2. At oral argument counsel for MacMillan voiced a concern over the propriety of the certification of the EEOC's right to sue letter. Counsel noted that there was no written certificate attached to the notice of right to sue. *See* 29 C.F.R. § 1601.-28(a)(2). Counsel failed to raise this issue in the district court; accordingly, we will not address it on appeal. *FDIC v. Verex Assurance, Inc.*, 3 F.3d 391, 395 (11th Cir.1993) (appellate courts generally will not consider an issue or theory that was not raised in the district court).

entitled to deference." *EEOC v. Commercial Office Products Co.,* 486 U.S. 107, 115, 108 S.Ct. 1666, 1671, 100 L.Ed.2d 96 (1988).

■ In reaching its decision, the district court relied upon *Grimes v. Pitney Bowes, Inc.,* 480 F.Supp. 1381 (N.D.Ga.1979). In that case, the plaintiff filed a charge of discrimination with the EEOC on January 18, 1979. Two weeks later, his attorney requested that the EEOC issue a Notice of Right to Sue. The EEOC issued the notice on February 6, 1979, only 19 days after the plaintiff filed his charge. The Acting District Director of the EEOC stated that the commission would be "unable to complete its administrative processes within 180 days from the filing of the charge and that the commission was terminating any further processing of the charge." *Id.* at 1383. After the plaintiff filed suit, the district court granted the defendant's motion to dismiss, agreeing that the district court lacked jurisdiction over the Title VII claims. The district court stated that "[n]o extraordinary circumstances have been shown in the present case that would justify an exception based on policy grounds to the obvious congressional mandate of a 180–day period of exclusive EEOC jurisdiction." *Id.* at 1385.

Sims and the EEOC[3] contend that the district court erred in reaching its decision. They argue that the district court improperly relied upon *Grimes,* because that case was decided before the cases which hold that the procedural requirements of Title VII are to be viewed as conditions precedent, not jurisdictional requirements. *Zipes v. Transworld Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (the timely filing of a charge is not a jurisdictional requirement, but rather is in the nature of a statute of limitations, subject to doctrines of waiver, tolling, and estoppel). *See also Fouche v. Jekyll Island–State Park Authority,* 713 F.2d 1518, 1524 (11th Cir.1983) ("*Jackson*[4] mandates that all Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements"). Therefore, the EEOC argues, and we agree,

that just as the timely filing of a charge is not a jurisdictional prerequisite, neither is the requirement that the notice be issued after the expiration of 180 days. Thus, the district court's holding that it was without subject matter jurisdiction to hear this case is erroneous.

Two circuits hold contrary to the district court. Those courts make it clear that when the EEOC issues a right to sue letter at a claimant's request prior to the expiration of the 180–day period, which informs the party that the Commission will be unable to complete the process within 180 days from the filing of the charge and therefore is terminating its processing of the charge, such premature issuance does not preclude a complainant from filing suit in federal district court immediately. *See e.g., Brown v. Puget Sound Elec. Apprenticeship & Training Trust,* 732 F.2d 726 (9th Cir.1984), *cert. denied,* 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 778 (1985); *Saulsbury v. Wismer and Becker, Inc.,* 644 F.2d 1251, 1257 (9th Cir.1981); *Bryant v. California Brewers Association,* 585 F.2d 421, 425 (9th Cir.1978), *cert. granted,* 442 U.S. 916, 99 S.Ct. 2835, 61 L.Ed.2d 282 (1979), *vacated* 444 U.S. 598, 100 S.Ct. 814, 63 L.Ed.2d 55 (1980); *Weise v. Syracuse University,* 522 F.2d 397 (2nd Cir.1975).

Several rationales support the courts' conclusions. We find these rationales persuasive: (1) 29 C.F.R. § 1601.28(a) does not prohibit the EEOC from issuing an early right to sue notice prior to the expiration of a 180–day period; (2) the purpose of the 180–day period is to protect the aggrieved party from extended administrative proceedings or bureaucratic backlog; and (3) where the EEOC determines, due to its huge backlog, that it cannot investigate an aggrieved party's charge within the 180–day period and notifies the aggrieved party that it is terminating its investigative efforts, it is pointless for the aggrieved party to stand by and mark time until the 180–day period expires.

---

**3.** The EEOC filed a brief as *amicus curiae* in support of Sims.

**4.** *Jackson v. Seaboard Coast Line Railroad Co.,* 678 F.2d 992 (11th Cir.1982).

■ In enacting Title VII, Congress charged the Commission with the responsibility to enforce the statute and vested it with the authority "to issue, amend, or rescind suitable procedural regulations to carry out the provisions of this subchapter." Section 713(a), 42 U.S.C. § 2000e–12(a). A regulation promulgated pursuant to section 713(a) must be upheld "so long as it is 'reasonably related to the purposes of the enabling legislation.'" *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1660–61, 36 L.Ed.2d 318 (1973). *See EEOC v. Commercial Office Products Co.*, 486 U.S. at 115, 108 S.Ct. at 1671 (EEOC's interpretation of statutory language "need only be reasonable to be entitled to deference").

The regulation codified at 29 C.F.R. § 1601.28(a)(2) is such a procedural regulation and is consistent with congressional intent. The regulation states that when the Commission is unable to complete processing of the charge within 180 days, it may issue right to sue letters to charging parties. Specifically, it provides:

> When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued, and the charge to which the request relates is filed against a respondent other than a government, ... the Commission may issue such notice ... at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that [a designated official] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect.

29 C.F.R. § 1601.28(a)(2).

The language and history of the statute reveal that this regulation is fully consistent with the purpose of section 706(f)(1). Section 706 of Title VII provides, in pertinent part, that

> [i]f a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference ... whichever is later, the Commission has not filed a civil action under this section ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge....

42 U.S.C. § 2000e–5(f)(1).

■ The language of this section clearly states that if the Commission dismisses the charge or if 180 days pass without action by the Commission, the charging party must be so notified and may then bring suit within 90 days. However, the statute on its face does not prohibit the Commission from issuing a right to sue letter before the 180 days have expired. *See Saulsbury*, 644 F.2d at 1257 ("Nowhere does the statute prohibit the EEOC from issuing such notice before the expiration of the 180 day period") (citations omitted); *Rolark v. University of Chicago Hospitals*, 688 F.Supp. 401, 404 (N.D.Ill. 1988) ("there is nothing in the Act which prohibits the EEOC from relinquishing its jurisdiction"); *Cattell v. Bob Frensley Ford, Inc.*, 505 F.Supp. 617, 620 (M.D.Tenn.1980) (there is a right to pursue a judicial remedy after the expiration of 180 days, but the statute "does not, on its face, contain any prohibition of an earlier suit, provided the Commission has determined that a right-to-sue letter should be issued").

Because we echo the reasoning articulated by the *Rolark* court, it merits recitation:

> The 180–day period was intended to afford victims of employment discrimination a private cause of action where the EEOC does not act, or does not act in a timely fashion. The EEOC's regulation simply recognizes that the caseload will sometimes be so heavy that it can be determined early on that no action can be taken within 180 days and the issuance of an early right-to-sue letter is a reasonable implementation of the Act.... It is up to the EEOC to decide how to efficiently administer the Act, and unless its decisions contravene congressional intent we must afford them deference. Given the remedial aims of the Act and the specified pur-

pose behind § 706(f)(1), we do not think Congress intended to force victims of discrimination to undergo further delay when the district director has determined such delay to be unnecessary.

688 F.Supp. at 404.

The legislative history regarding the 180–day time period also indicates that Congress did not intend that provision to be treated as a jurisdictional prerequisite to suit. The purpose of the statutory provision is to encourage conciliation in accordance with the congressional belief that voluntary settlement, rather than litigation, is the preferred mechanism for resolving these types of disputes. H.R.Rep. No. 92–238, 92nd Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad.News, pp. 2137, 2144. Further, Congress intended that complaints be handled expeditiously. Because Congress was also aware of the Commission's backlog, it established a ceiling of time—180 days—beyond which a complainant would not have to wait before filing a claim in district court. *Id.*

Moreover, to interpret Congress's statements regarding the Commission's overwhelming backlog as undermining the argument that right to sue letters may be issued in less than 180 days upon Commission certification, *see Grimes,* 480 F.Supp. at 1384, ignores the fact that the 180–day time period was designed to protect claimants from extended administrative proceedings. Indeed, Congress stated that "[t]he primary concern must be protection of the aggrieved person's option to seek a prompt remedy in the best manner available." 1972 U.S.Code Cong. & Ad.News at 2148. When the Commission cannot process a claimant's charge within the prescribed time period and certifies that it is unable to process such charge, the avenue for a "prompt remedy" is through the courts. Therefore, the statutory language and the legislative history support the conclusion that Congress did not intend the 180–day requirement to be a jurisdictional prerequisite to suit.

Once the Commission determines that it will be unable to process the complainant's charge within the 180–day period, no legitimate purpose is served by forcing delay. Thus, the court's order tolling the 180–day time period and remanding the case to the EEOC is unavailing. Where the Commission has stated that it would be unable to act on the charge, "a remand to the Commission would be an exercise in futility." *Weise,* 522 F.2d at 411 n. 27. Additionally, Title VII "does not condition an individual's right to sue upon the EEOC's performance of its administrative duties." *Jefferson v. Peerless Pumps Hydrodynamic, Div. of FMC Corp.,* 456 F.2d 1359, 1361 (9th Cir.1972). Accordingly, this case should proceed in the district court without remand to the Commission.

### III. CONCLUSION

Our holding in this case does not circumvent the intentions of Congress or the role of the EEOC. Congress clearly intended for the EEOC and the complaining party to attempt a reconciliation of the charge of discrimination before proceeding to federal court, and thus it imposed a time limit during which this reconciliation should occur; however, nothing indicates that Congress would preclude a complainant from filing suit in federal court before the expiration of the 180–day period. It seems illogical to us that a complainant who receives a right to sue letter from the EEOC stating that it is unable to investigate the complainant's charge within the prescribed time must sit idly by until the 180–day period expires. The district court's holding is in conflict with the statute, congressional intent, and policy considerations. For the foregoing reasons, we reverse the judgment of the district court and remand this case for further proceedings consistent with this opinion.

REVERSED and REMANDED.