**Anna MENCHACA, Plaintiff,**

v.

**AMERICAN MEDICAL RESPONSE OF ILLINOIS, INC., Defendant.**

No. 98 C 547.

United States District Court, N.D. Illinois, Eastern Division.

June 3, 1998.

David A. Cerda, Cerda & Associates, Chicago, IL, for Plaintiff.

Thomas F. Ging, Robert H. Smeltzer, Hinshaw & Culbertson, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

American Medical Response of Illinois, Inc. ("American Medical") has filed its Amended Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by its ex-employee Anna Menchaca ("Menchaca"). That pleading was intended to be responsive to this Court's May 6, 1998 memorandum opinion and order that had identified, and had directed American Medical to correct, several problematic aspects of the original Answer and ADs. But because that effort has not been fully successful, this follow-up opinion is issued sua sponte to strike two obviously defective aspects of the new pleading.

■ First, AD 1 asserts that because Menchaca filed her Charge of Discrimination (part of Complaint Ex. A) on October 14, 1997 and EEOC then issued its right-to-sue letter (also part of Ex. A) at the end of the same month (October 30, 1997), Menchaca's action in depriving EEOC of a 180–day time frame to process Menchaca's charge constituted a failure on her part to exhaust the required administrative remedies. But that contention is at odds with both the statute and with EEOC's implementing regulation. Here in relevant part is 42 U.S.C. § 2000e–5(f)(1):

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved.

And here is the equally relevant part of EEOC's implementing regulation (29 C.F.R. § 1601.28(a)(2)) that permits an aggrieved person to trigger the issuance of a right-to-sue letter *before* expiration of the 180–day time period that is sought to be relied on by American Medical:

> When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued, ... the Commission may issue such notice ... at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that [a designated official] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect.

Both that regulation and right-to-sue letters issued in reliance upon it have been upheld in such cases as *Sims v. Trus Joist MacMillan*, 22 F.3d 1059 (11th Cir.1994), which in material part relied upon and quoted the opinion issued by this Court's colleague Honorable James Moran in *Rolark v. University of Chicago Hosps.*, 688 F.Supp. 401 (N.D.Ill.1988). And Complaint Ex. A expressly includes EEOC's determinations that it "will be unable to complete its process within 180 days from the filing of the charge" and that it "is terminating its process with respect to this charge." Those determinations comply directly with the regulation and hence authorize Menchaca's bringing of this action within 90 days after issuance of the right-to-sue letter. AD 2 is therefore stricken.

■ Second, AD 3 says this:

> AMR terminated Plaintiff's employment for legitimate business reasons following a merger of competitive companies and change in company management.

That however does not fit the concept of an AD under Fed.R.Civ.P. 8(c), which requires a responding party to *admit* a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability (or perhaps from full liability)—see, e.g., *Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 736–37 (N.D.Ill.1982), a decision approved in *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989). Here Menchaca has plainly alleged impermissible discriminatory and retaliatory reasons for her firing (Complaint ¶¶ 23 and 26), and

American Medical—having already put those matters in issue by denials of those allegations—not only cannot but need not again do so via an AD. Accordingly AD 3 is also stricken.